[No. 18555.    Department Two.    October 2, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES E. CLARK, *Appellant*.[1]

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered November 13, 1923, upon a trial and conviction of a misdemeanor. Affirmed.

*C. H. Baldwin*, for appellant.
*John C. Applewhite* and *Alex McCabe*, for respondent.

PEMBERTON, J.—Appellant was found guilty of the crime of having elk hides in his possession not lawfully acquired. From judgment and sentence this appeal is taken.

The charging part of the information is as follows:

"That the said James E. Clark, in the county of Asotin, in the state of Washington, on the 30th day of June, 1923, then and there did unlawfully and wrongfully have in his possession and under his control three elk hides that had not been then and there lawfully acquired by the said James E. Clark, and which were then and there unlawfully possessed and held by the said James E. Clark."

Section 5962, Rem. Comp. Stat. [P. C. § 2617], provides as follows:

"It shall be unlawful to have in possession or under control by any person, any game birds, game animals or game fish or any parts thereof, the killing of which is at any time prohibited; the same shall be prima facie evidence that it was the property of this state at the time it was caught, taken or killed, and that it was caught, taken or killed in this state when the killing, taking or possession thereof is by this chapter declared to be unlawful, that such taking or killing occurred during the closed season. Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor."

Section 5961, Rem. Comp. Stat. [P. C. § 2616], provides that game from other states may be brought into this state if accompanied by an affidavit that it was lawfully killed, together with the shipping receipt from the original point.

Section 5964, Rem. Comp. Stat. [P. C. § 2585-8], provides that game retained after the close of the season must be tagged or stamped by the game commission or game warden.

It is the contention of appellant that the hides in question were from three to five years old and were for the purpose of tanning. Appellant testified that one hide was so old that it fell to pieces in tanning, and in this appellant was corroborated by one George W. Patterson, who had been tanning hides for at least forty years. He

[1]Reported in 228 Pac. 840.

testified that there was no difference as to the odor of a hide after it had been soaked, whether it was green or ten or twelve years old.

A number of the witnesses of respondent testified that the hides in question had large chunks of flesh attached to them and gave off a very bad odor and, in their opinion, were new hides not over ninety days old.

The questions in controversy are purely questions of fact and were properly submitted to the jury. We cannot say but what there was sufficient evidence to support the verdict.

The judgment is affirmed.

MAIN, C. J., MITCHELL, BRIDGES, and FULLERTON, JJ., concur.